UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IGOR LEKOMTSEV,

                Petitioner,

v.

MERRICK GARLAND, et al.,

                Respondents.

CASE NO. 2:23-CV-1919-DGE-DWC

REPORT AND RECOMMENDATION

Noting Date: March 29, 2024

       Petitioner initiated this 28 U.S.C. § 2241 immigration habeas action on December 14, 2023. Dkt. 1. In the Petition, Petitioner states he is being unlawfully detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") at the Northwest ICE Detention Processing Center. *Id*. He requests the Court order his release from custody. *Id*. at 5.

       The record shows that, on January 25, 2024, Petitioner was removed from the country from the Seattle Tacoma International Airport via air. *See* Dkt. 8-9. Respondent filed a Response to the Petition on February 5, 2024. Dkt. 8. Petitioner, who is represented by Court-appointed counsel, did not file a traverse. *See* Docket.

1      Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Petitioner's habeas petition seeks only release from custody, his claims have been fully resolved. *See id.* at 1065; *see also* Dkt. 1 at 5; Dkt. 8-9. Accordingly, there is no collateral consequence that could be redressed by the Court, and Petitioner's habeas petition should be dismissed as moot. *See id.*; *see also Yang v. ICE Field Off. Dir.*, 2021 WL 11096474, at *1 (W.D. Wash. Apr. 9, 2021) (finding petition was moot where the petitioner was released from ICE custody on an order of supervision).

      The Court notes that Petitioner is represented by counsel. *See* Dkt. 5. Petitioner's response to Respondents' Answer was due on or before February 26, 2024. Petitioner did not file a traverse. Under Local Civil Rule 7(b)(2), "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Respondents are requesting dismissal of the Petition and the Court finds Petitioner's counsel's decision to not respond to the Response is an admission that Respondents' request that the Petition be dismissed as moot has merit.

      Accordingly, the Court recommends the Petition be dismissed with prejudice.

      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

REPORT AND RECOMMENDATION - 2

1 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

2 imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on

3 March 29, 2024, as noted in the caption.

4     Dated this 8th day of March, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3